IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BERNARD VINCENT MONTGOMERY | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv304 |
| CHARLES A. DANIELS | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bernard Vincent Montgomery, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Petitioner argues he is actually innocent based on the recent Supreme Court decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). However, the Fifth Circuit has determined that *Alleyne* addressed sentencing issues and does not apply retroactively on collateral review. *See United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015); *Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014) (Neither *Alleyne* nor *Descamps* is a retroactively available Supreme Court decision indicating that [petitioner] was convicted of a nonexistent offense for § 2241 petition). Further, a claim of actual innocence of a

sentencing enhancement is not a claim of actual innocence of the crime of conviction. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). Therefore, petitioner's objections are without merit and should be overruled.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **4** day of **December, 2015.**

_____
Thad Heartfield
United States District Judge